NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>KAMURAN CORTUK,<br><br>              Debtor.<br><br>YESÌM SAKARYA,<br><br>              Appellant,<br>v.<br><br>BANCO TURCO ROMANA BANK,<br><br>              Appellee. | **On Appeal From:**<br>Case No.: 17-34019 (CMG)<br>Chapter 7<br>Hon. Christine M. Gravelle, U.S.B.J.<br><br><br>Civil Action No. 18-16148 (BRM)<br>Hon. Brian R. Martinotti, U.S.D.J.<br><br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Appellant Yesìm Sakarya ("Sakarya"), daughter and creditor of Chapter 7 debtor Kamuran Cortuk ("Cortuk"), appeals (ECF No. 1) the November 12, 2018[1] Bankruptcy Court order (ECF No. 1-1) which (1) quashed a subpoena Sakarya issued to creditor Banco Turco Romana Bank (the "Bank"), and (2) denied Sakarya's cross-motion to compel compliance with the subpoena.[2] Having reviewed the submissions filed in connection with the appeal and having held a conference on March 6, 2019, for the reasons set forth below and for good cause appearing, this appeal is **DISMISSED FOR LACK OF JURISDICTION**.

---

[1] The Bankruptcy ECF file date is November 14, 2018.

[2] On January 9, 2019, Sakarya filed a motion for leave to file an interlocutory appeal. (ECF No. 6.)

## I. BACKGROUND

The Bank is a creditor in Cortuk's underlying bankruptcy proceeding and "obtained thousands of documents[3] related to [Cortuk] through the use of" the bankruptcy discovery process in a "Chapter 15 [bankruptcy] proceeding in the Southern District of Florida." (Sakarya's Memo. of Law (ECF No. 1) ¶ 4, at 1). Sakarya, Cortuk's daughter and creditor, issued a subpoena to the Bank for these documents. The Bank moved to quash the subpoena; Sakarya moved to compel compliance. The Bankruptcy Court (Gravelle, J.) granted the motion to quash without prejudice and denied the motion to compel without prejudice. (ECF No. 1, at 18.) Sakarya seeks leave to appeal this order.

## II. JURISDICTION

Before reaching the merits, this Court must determine if it has jurisdiction to hear this appeal. District courts possess two types of appellate jurisdiction over bankruptcy court orders: mandatory jurisdiction over appeals "from final judgments, orders, and decrees," and discretionary appellate jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1), (3). Only this Court's discretionary jurisdiction is at issue here. (*See* ECF No. 1 at 2-3.)

District courts have discretionary appellate jurisdiction over appeals "from other interlocutory orders and decrees" of bankruptcy courts. 28 U.S.C. § 158(a)(3). To guide the exercise of their discretion, district courts use the criteria for certification of an interlocutory appeal under 28 U.S.C. § 1292(b). *See Jacobo v. BAC Home Loans Serv'g, LP*, 477 B.R. 533, 537 (D.N.J. 2012). That is to say,

> district courts will grant leave to file an interlocutory appeal when the [bankruptcy court's] order at issue: (1) involves a controlling

---

[3] The record on appeal reflects neither the nature nor contents of these documents.

> question of law upon which there is (2) substantial grounds for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation.

*In re Phila. Newspapers, Inc.*, 418 B.R. 548, 557 (E.D. Pa. 2009), *aff'd as to jurisdictional holding*, 599 F.3d 298, 303 n.5 (3d Cir. 2010).

With regard to the first and third criteria,[4] a question of law is "controlling" if it is "serious to the conduct of the litigation, either practically or legally," and "would result in reversible error upon final appeal." *Florence v. Bd. of Chosen Freeholders of Burlington Cty.*, 657 F. Supp. 2d 504, 508 (D.N.J. 2009). Decision of a "controlling" question will likely advance the ultimate termination of the litigation because an immediate appellate decision will result in the "saving of time of the district court and of expense to the litigants." *P. Schoenfeld Asset Mgmt. v. Cendant Corp.*, 161 F. Supp. 2d 355, 359 (D.N.J. 2001).

Courts narrowly interpret the second criterion. "A 'substantial ground for difference of opinion' must 'arise out of genuine doubt as to the correct legal standard.'" *FTC v. Wyndham Worldwide Co.*, 10 F. Supp. 3d 602, 634 (D.N.J. 2014) (quoting *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996)). "Mere disagreement with the district court's ruling" is insufficient to create "genuine doubt." *Interfaith Cmty. Org., Inc. v. PPG Indus.*, 702 F. Supp. 2d 295, 319 (D.N.J. 2010) (quoting *Kapossy*, 942 F. Supp. at 1001). Even conflicting decisions of other courts do not constitute a substantial ground for difference of opinion. *See Singh v. Daimler-Benz, AG*, 800 F. Supp. 260, 263 (E.D. Pa. 1992), *aff'd*, 9 F.3d 303 (3d Cir. 1993).

---

[4] Courts tend to merge the "controlling question of law" criterion with the "materially advance the ultimate termination of the litigation" requirement. *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005); *Pub. Int. Rsrch. Grp. of N.J. v. Hercules, Inc.*, 830 F. Supp. 1549, 1557 (D.N.J. 1993).

"However, these three criteria do not limit the Court's discretion to grant or deny an interlocutory appeal." *In re SemCrude, L.P.*, 407 B.R. 553, 557 (D. Del. 2009). To the contrary, "[l]eave to file an interlocutory appeal may be denied for reasons apart from this specified criteria, including such matters as the appellate docket or the desire to have a full record before considering the disputed legal issue." *Id.*; *see also Lopez v. Overtime 1st Ave. Corp.*, 252 F. Supp. 3d 268, 273 (S.D.N.Y. 2017) ("Such unfettered discretion [to grant or deny leave to appeal an interlocutory order under § 1292(b)] can be for any reason, including docket congestion[5] and the system-wide costs and benefits of allowing the appeal." (quoting *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014))). Additionally, the appellant "must . . . demonstrate that exceptional circumstances exist." *Phila. Newspapers*, 418 B.R. at 557 (quoting *SemCrude*, 407 B.R. at 557).

The Court declines to exercise its discretionary jurisdiction. First, this Court is hard-pressed to find that Sakarya's right to certain unspecified documents constitutes a "controlling issue," considering that the Bankruptcy Court issued its order "without prejudice" to relitigation of the cross-motions to quash and compel; the order, therefore, carries no claim-preclusive effect in this litigation. Additionally, the subpoena matter relates only tangentially to the primary issues in the underlying adversary proceeding. Immediate appellate resolution would save no more than a *de minimis* amount of litigant resources. If the Court were to agree with Sakarya, the Bank would have to produce the documents; this requirement would increase, not decrease, the Bank's workload. Irrespective of how the Court were to resolve the question, immediate appellate resolution would increase, not decrease, this Court's workload.

---

[5] While the Court is cognizant of this basis for accepting or declining jurisdiction and finds it compelling in light of this District's judicial emergency, the decision to decline jurisdiction is primarily based on the reasons set forth below.

Second, there appears to be no "genuine doubt" about the proper legal standard governing the underlying discovery issue. Bankruptcy discovery permits inquiry into "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Sakarya does not contest that Rule 2004 provides the proper legal standard governing the underlying discovery issue; she argues only that the Bankruptcy Court "misapplied" the standard. (ECF No. 1, at 4.) Likewise, Sakarya argues that because "the Bankruptcy Court granted various motions by the [Bank] to compel [Cortuk] and other interested parties' responses to [the Bank's] Rule 2004 subpoenas," Sakarya "should be entitled to that same treatment." (ECF No. 1, at 12; *see also* Sakarya's Reply Br. (ECF No. 5) 4-5). Sakarya cites no authority for this proposition; even if she did, the existence of conflicting authority is insufficient to generate "genuine doubt."

Third, Sakarya has not demonstrated that this discovery dispute involves exceptional circumstances warranting an interlocutory appeal. Considering that the Court issued the underlying order "without prejudice," a litigant would need truly exceptional circumstances to warrant appellate review by this Court rather than relitigation before the Bankruptcy Court. In fact, Sakarya makes no argument concerning the "exceptional" nature of this appeal.

This appeal fails to satisfy the § 1292(b) factors and presents no exceptional circumstances. Accordingly, the Court declines to exercise its discretionary jurisdiction.

## III. CONCLUSION

For the reasons set forth above, this appeal is **DISMISSED FOR LACK OF JURISDICTION**. An appropriate Order will follow.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: March 29, 2019